UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-108-FDW

| | | |
|---|---|---|
| MANLEY FRANKLIN WAGONER, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| CYNTHIA THORNTON, | ) | |
| *Superintendent, Harnett Correctional Institution,* | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** comes before the Court on initial review of pro se Petitioner Manley Franklin Wagoner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, (Doc. No. 1), and on Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2). For the following reasons, Petitioner's Motion to Proceed in Forma Pauperis will be denied, and the petition will be dismissed as untimely.

**I.     BACKGROUND**

Pro se Petitioner is a North Carolina state court inmate currently incarcerated at Harnett Correctional Institution in Lillington, North Carolina. On August 2, 1995, Petitioner pled guilty in Wilkes County Superior Court to first-degree sexual offense and aiding and abetting first-degree rape. Petitioner was sentenced to life imprisonment for the first-degree sexual offense, and to a consecutive term of 240 to 297 months of imprisonment for the offense of aiding and abetting first-degree rape. Petitioner did not appeal.

Petitioner filed a motion for appropriate relief ("MAR") in Wilkes County Superior Court on November 18, 2013, which motion was denied on November 25, 2013. See (Doc No 1-1 at

1

10). On December 12, 2013, Petitioner filed a motion for reconsideration of the denial of the MAR, which motion was denied on December 16, 2013. See (Id.). Petitioner then filed a petition for writ of certiorari in the North Carolina Court of Appeals on March 28, 2014, which petition was denied on April 17, 2014. (Id. at 1).

Petitioner placed the instant petition in the prison system for mailing on June 4, 2014, and it was stamp-filed in this Court on June 6, 2014. In the habeas petition, Petitioner contends that his due process rights were violated because his guilty plea was involuntary and unknowing; his sentence was grossly disproportionate and not graduated to the offense; he received ineffective assistance of counsel based on trial counsel's failure to investigate the elements of the crime and to object to the aggravated and consecutive sentences; and his constitutional right to equal protection was violated because he was denied retroactivity of North Carolina's new sentencing laws.

The Court first considers Petitioner's Motion to Proceed in Forma Pauperis. A petition for a writ of habeas corpus requires a filing fee of $5.00. A review of the pleadings reveals that as of May 26, 2014, Petitioner had $8.77 in his inmate trust account. See (Doc. No. 3 at 2). Based on these figures, the Court finds that Petitioner has sufficient assets with which to pay the $5.00 filing fee. Accordingly, the Court will deny his motion to proceed in forma pauperis.

    II.    **STANDARD OF REVIEW**

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs habeas courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. After reviewing the record in this case, the Court finds that no response from the government is necessary.

**III.    DISCUSSION**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Furthermore, for convictions that became final before the AEDPA's effective date, the limitations period began to run on April 24, 1996, the effective date of the Act.  See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).  Finally, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding.  See 28 U.S.C. § 2244(d)(2).  However, the filing of any motions after the one-year limitations period has already run do not revive the already expired one-year limitations period.  See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (concluding that the Section 2254 petition was "clearly time-barred," where the petitioner had moved for post-conviction relief in state court only after the time limitation had expired).

Because Petitioner pled guilty and did not appeal, his conviction became final when

3

judgment was entered on August 2, 1995.[1]  See Gladney v. Hall, No. 1:12cv3, 2013 WL 6633718, at *3 (M.D.N.C. Dec. 17, 2013) (because defendants in North Carolina have a limited right to appeal after a guilty plea, a conviction after a guilty plea will usually become final when judgment is entered).  Because Petitioner's conviction became final before AEDPA became effective, he had until April 24, 1997, to file a timely petition.  Because Petitioner did not place the instant petition in the prison system for mailing until June 4, 2014, the petition is clearly time-barred.  Furthermore, any motions filed after the limitations period expired did not revive the limitations period.  See Minter v. Beck, 230 F.3d at 665.

In Section 18 of the petition addressing timeliness, Petitioner contends that the one-year limitations period does not bar his petition because he claims actual innocence as well as ineffective assistance of counsel, and he invokes the U.S. Supreme Court's recent decisions in Trevino v. Thaler, 133 S. Ct. 1911 (2013), and McQuiggins v. Perkins, 133 S. Ct. 1924 (2013).  Neither of these cases allows Petitioner to avoid the limitations period, nor does either case warrant the application of equitable tolling.  In McQuiggins, the Supreme Court stated that "[a] petitioner does not meet the threshold requirement [for establishing actual innocence and, thus, avoiding the statute of limitations bar] unless he persuades the district court that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  Id. at 1928.  Petitioner has simply not met the burden for showing actual innocence under McQuiggins.

Nor has Petitioner shown that he can avoid the limitations period in light of Trevino v. Thaler.  In Trevino, the Supreme Court held that where a state's procedural framework, by

---

[1] Even assuming Petitioner had the right to appeal, his conviction would have become final when his time to serve notice of appeal expired.  See N.C. R. APP. P. 4(a)(2).  This extra time would have made no difference because the petition would still be time-barred.

4

reason of its design and operation, makes it highly unlikely in typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal, a petitioner's ineffective assistance of counsel claim on habeas review will not be barred by procedural default where there was no counsel or counsel was ineffective in the initial-review collateral proceeding. 133 S. Ct. at 1921. To the extent that Petitioner is contending that the petition is timely in light of Trevino pursuant to § 2244(d)(1)(C), Trevino is not a new rule of constitutional law made retroactive to cases on collateral review and, even if it were, its holding does not apply to Petitioner's claims. See Pagan-San Miguel v. United States, 736 F.3d 44 (1st Cir. 2013).

Finally, to be entitled to equitable tolling, a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstances stood in the way of him filing the petition in a timely manner. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Here, Petitioner has not shown that he was diligent in pursuing his right to file his § 2254 petition, nor has he shown that an extraordinary circumstance prevented him from filing the petition in a timely manner.

In sum, the petition will be dismissed as untimely.

### IV. CONCLUSION

For the reasons stated herein, Petitioner's § 2254 motion is untimely, and the petition will therefore be dismissed.[2]

**IT IS, THEREFORE, ORDERED** that:

---

[2] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it. Here, however, such warning is not necessary because, in his Section 2254 petition, Petitioner addressed the statute of limitations issue, and Petitioner's explanation indicates no confusion over the timeliness issue.

1. Petitioner's § 2254 motion, (Doc. No. 1), is **DENIED** and the petition is **DISMISSED**.

2. Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **DENIED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: July 2, 2014

Frank D. Whitney
Chief United States District Judge